# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| YAODI HU and the Estate of YANQIONG YAO, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:14-CV-129-WCL-PRC |
| CITY OF WHITING; et al., Defendants. | ) ) ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant City of Whiting's Motion for More Definite Statement [DE 64], filed by Defendant City of Whiting on May 2, 2014. Plaintiff, who is proceeding pro se, has not filed a response, and the time to do so has passed.

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Due to this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored. *See MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010). Rule 12(e) motions should not be used as a substitution for discovery. *Nikolic v. St. Catherine Hosp.*, No. 2:10-CV-406, 2011 WL 4537911, *6 (N.D. Ind. Sept. 28, 2011) (citing *MacNeil*, 715 F. Supp. 2d at 790).

1

Paragraph 1 of the First Amended Complaint provides the only reference to Defendant City of Whiting:

> Defendant City of Whiting Indiana is a local municipal corporation in State of Indiana. Its City Hall is located at 1443 119th Street Whiting IN 46394. City of Whiting is managing the Indiana Lake County's Whihala Beach. There are about 2-3 entries to that Whihala Beach. According to the Map, Two are from the south, either from "Front street" going north bound, or from 117th street, going east bound. If one wants to enter the beach from either 117th street or from "front street," one still has to cross the railroad track. The other entry to the Whihala Beach is from the North, via Lake avenue, crossing the Casino Center Drive going south bound. Lake avenue crosses the railroad track, and that was where the accident happened. The north entry to the Whihala Beach is at least 3/4 mile away from the south entry. Whihala Beach was called Whiting Beach. When the beach was renovated over the years, the road leading to the beach was resurfaced or renovated, altered, City of Whiting under Federal ADA has responsibility to comply with ADA. It did not comply with 28 CFR part 35 and other applicable federal and state of Indiana laws.

(First Am. Compl. ¶ 1) (all errors in original).

In the second paragraph of the First Amended Complaint, Plaintiff alleges that "the scene of the accident is under the jurisdiction of City of Hammond, within the boundary of City of Hammond." *Id*. at ¶ 2. Plaintiff does not allege the date of the accident in the First Amended Complaint, alleging only that the event took place in October 2011. The original Complaint alleged that the date of the incident was "somewhere around October 20, 2011." (Compl.).

First, Defendant City of Whiting argues that the First Amended Complaint is vague and ambiguous as to the claims being alleged against it. The Court agrees. It is unclear from the First Amended Complaint what claim is being brought against Defendant City of Whiting because Plaintiff alleges that the incident occurred in the City of Hammond. The discussion of the location of the City of Whiting, the management of Whihala Beach by the City of Whiting, and the location of the beach entrance in Paragraph 1 do not put Defendant City of Whiting on notice of any claim against it when the incident at issue is alleged to have occurred in another city. On this basis, the Motion for More

Definite Statement is granted, and Plaintiff is ordered to file a Second Amended Complaint containing a short and plain statement of the claim showing that he is entitled to relief against Defendant City of Whiting, as required by Rule 8, if he has such a claim.

Second, Defendant City of Whiting seeks a more definite statement as to the date of the incident so that it can assert an affirmative defense based on the statute of limitations, if appropriate. However, a plaintiff is not required to plead facts necessary to establish or rebut affirmative defenses. *See Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012). Thus, the Motion for More Definite Statement is denied on this basis.

Third, Defendant City of Whiting argues that Plaintiff has failed to provide the legal authority granting him standing to pursue his claim, noting that Indiana Code § 34-23-1-2 permits only the personal representative of an adult person to maintain a claim for the allegedly wrongful death of that person. The question of standing goes to a court's subject matter jurisdiction. To the extent that Plaintiff may be alleging a wrongful death claim, which is not clear from the First Amended Complaint, the Court grants the Motion for More Definite Statement and orders Plaintiff to include factual allegations, if any, related to his standing to bring a wrongful death suit on behalf of the Estate.

Fourth, Defendant City of Whiting argues that the First Amended Complaint fails to comply with Federal Rule of Civil Procedures 8 and 10. As for Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the Court has already found that Plaintiff has failed to comply with the rule as to Defendant City of Whiting. As for Rule 8(d)(1), which requires that each allegation "be simple, concise and direct," and Rule 10(b), which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," the Court finds that compliance

with these rules will assist Defendant City of Whiting and the Court in identifying the claims brought. The Court grants the Motion for More Definite Statement on this basis and orders that the Second Amended Complaint contains numbered paragraphs for all allegations and that legal argument be omitted.

Accordingly, the Court hereby **GRANTS** in part and **DENIES** in part Defendant City of Whiting's Motion for More Definite Statement [DE 64] and **ORDERS** that Plaintiff has up to and including **July 7, 2014**, in which to file a Second Amended Complaint in compliance with this Opinion and Order.

SO ORDERED this 18th day of June, 2014.

                                             s/ Paul R. Cherry
                                             MAGISTRATE JUDGE PAUL R. CHERRY
                                             UNITED STATES DISTRICT COURT

cc:     All counsel of record
         Yaodi Hu, Plaintiff