UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| YAODI HU and the Estate of YANQIONG YAO, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF WHITING, *et al.,* )<br>)<br>Defendants. ) | CIVIL NO. 2:14cv129 |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed on July 23, 2014, by one of the defendants, City of Whiting. The plaintiff, Yaodi Hu ("Hu"), proceeding *pro se*, has not responded. For the following reasons, the motion will be granted.

Also before the court is a motion to join, filed by defendant City of Hammond on July 24, 2014. Hu has failed to respond to this motion. For the following reasons, the motion will be denied.

Discussion

On June 18, 2014, Magistrate Judge Paul R. Cherry entered an Order granting in part the City of Whiting's motion for more definite statement. Hu was ordered to file a second amended complaint by the end of business on July 7, 2014. Hu has not filed a second amended complaint or responded to the Order in any other fashion.

Therefore, the City of Whiting has filed a motion to dismiss. In its motion, the City of Whiting states that on June 19, 2014, counsel for the City spoke with Hu regarding the Motion for More Definite Statement and the Court's Order of June 18, 2014. The City states that Hu indicated that he was aware of the Court's Order and requested that a copy be emailed to him.

The City has attached, as Exhibit A, an email from the City to Hu, in which the City provided Hu with copies of the Order and Motion. However, Hu did not confirm receipt. All mail sent to Hu from this Court, since May of 2014, has been returned as undeliverable. Hu has not, as required, kept the Court informed of his current address.

The City relies on Rule 41(b) of the Federal Rules of Civil Procedure which provides that if a plaintiff fails to prosecute or comply with the Federal Rules or a Court Order, a defendant may move to dismiss the action or any claim against it. Such dismissal operates as an ajdudication on the merits. Thus, the City of Whiting is requesting a dismissal with prejudice.

In the present case, it is clear that Hu has failed to comply with the Court's Order of June 18, 2014. This has rendered the City unable to file an Answer or otherwise defend because, as previously determined by the Court, "[i]t is unclear from the First Amended Complaint what claim is being brought against Defendant City of Whiting." June 18, 2014 Order at 2. Accordingly, the City of Whiting's motion to dismiss will be granted.

The City of Hammond has filed a motion to join the City of Whiting's motion to dismiss. The City of Hammond states that "if the Court's order requiring [Hu] file a Second Amended Complaint, was intended to apply to all of the Defendants" the City of Hammond wishes to join in the City of Whiting's motion to dismiss. A review of the June 18, 2014 Order reveals that the Order only concerned the City of Whiting, and no other defendant is mentioned anywhere in the Order. Accordingly, the motion to join will be denied.

## Conclusion

On the basis of the foregoing, the City of Whiting's motion to dismiss with prejudice [DE 77] is hereby GRANTED.

Further, the City of Hammond's motion to join [DE 78] is hereby DENIED.

Entered: September 26, 2014.

s/ William C. Lee
William C. Lee, Judge
United States District Court
