UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| YAODI HU, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Cause No.: 2:14-CV-129 |
| AMTRAK U.S.A., et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on the Joint Motion to Dismiss filed by Defendants City of Hammond, Amtrak, and Lake County, Indiana.[1] (DE 98.) The court issued on Order on May 26, 2015 (DE 99), in which it notified Plaintiff Yaodi Hu, who is proceeding *pro se*, of the filing of the motion and instructed him to file a response by June 9, 2015. Hu has failed to respond. The Defendants now ask this court to dismiss this case for failure to prosecute, pursuant to Fed.R.Civ.P. 41 and this court's Local Rule 41-1. For the reasons explained below, the motion is GRANTED and this case is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter judgment against the Plaintiff and in favor of the Defendants.

---

[1] Plaintiff's original complaint named the following defendants: Amtrak; Lake County, Indiana; the City of Whiting, Indiana; and the City of Hammond, Indiana. Plaintiff filed an amended complaint on January 17, 2014, in which he named additional defendants, including Caesar's Entertainment, Inc.; the State of Indiana; the Horseshoe Casino; Norfolk Southern Railroad; and CSX Corporation. (Amended Complaint, DE 7, p. 1.) The record does not indicate that Hu effected service these new defendants, with the exception of the City of Whiting. The City of Whiting filed a motion to dismiss on July 23, 2014, which this court granted in an Opinion and Order entered on September 26, 2014. (DE 81.) Caesar's Entertainment, the State of Indiana, Norfolk Southern, and CSX have never appeared in this case. Thus, the only remaining defendants in this action are the entities now moving to dismiss this case for lack of prosecution–Amtrak, Hammond, and Lake County.

**DISCUSSION**

This case was originally docketed in the U.S. District Court for the Northern District of Illinois on October 11, 2013. (*See* DE 1, Original Complaint.) The case was transferred to this court on April 18, 2014, after our sister court in Illinois determined that venue was proper in this court. (*See* DE 42, 54 and 56.)

On April 30, 2014, Plaintiff filed a writ of mandamus with the Seventh Circuit Court of Appeals, seeking review of the Illinois district court order transferring the case and asking that the case be returned to the Northern District of Illinois. (DE 60.) The appellate court denied the petition on May 6, 2014. (DE 67.)

Hu did not file any documents or otherwise communicate with this court until November 18, 2014, when he filed a "Notice to Court and to all the Parties." (DE 86.) Hu's Notice was apparently intended to be his response to this court's own Notice, issued on October 28, 2014, in which the court informed Hu that this case was in danger of being dismissed for lack of prosecution if he continued to fail to take any action in the case. (DE 83, docketed on October 28, 2014.) In his Notice, Hu informed the court and parties that he was living in a homeless shelter in Chicago. *Id*., p. 1. He also stated that he could not access the court's electronic filing system since he is not an attorney or other authorized user, and that due to "paper filing and other inconvenience, Hu was in fact not quite capable of prosecuting the case . . . ." *Id*., p. 3. Hu stated in his notice that he "shall act as quick as possible to pursue this case." *Id*. Finally, Hu provided the court and the parties with the street address of the shelter where he was staying, and an email address. *Id*., p. 3. That was the last time Hu had any contact with the court.

Since that time, the court and the Defendants (as they explain in their joint motion to dismiss) attempted to contact Hu, but repeated efforts to do so have failed. Court orders sent to Hu at his last known address were returned to the court as undeliverable. (*See, e.g.*, DE 71, 72, 74, 76, 80, 82, and 84 (all entries indicating that mail addressed to Plaintiff was returned to the court as undeliverable)). The Defendants state that "counsel for City of Hammond attempted to reach the Plaintiff by email and by telephone at the only email address and telephone number it has for him, but was unsuccessful in doing so." Motion to Dismiss, p. 3. Counsel also attempted to reach Hu by mail at the last known address on file, but that letter "also was returned undelivered." *Id*. According to the Defendants, Hu "finally responded on May 8, 2015, to an email sent two weeks earlier by [counsel's] secretary. . . . The Plaintiff asserted that the email address was good, but provided neither a mailing address nor a telephone number." *Id*. (referencing Defendant's Exh. A, DE 98-1).

The Defendants state the basis of their motion to dismiss as follows:

> At this point, the Plaintiff has done nothing to prosecute his case since it was filed . . . He has made himself inaccessible to the Court and counsel, which makes the scheduling of case management deadlines and the conduct of discovery virtually impossible. Only when dismissal is imminent does he make only the most minimal efforts to respond in this case. . . . He has already been warned by the Court that the lack of prosecution could doom his claim to dismissal; however, this has not altered his cavalier approach to the court's requirements. The docket is replete with failed notice due to the Plaintiff's consistent inability to provide the Court and the parties with accurate contact information. . . . At the same time, the case has shown no progress since its inception.

*Id*., p. 4. Again, Hu has not filed anything or otherwise contacted the court since he filed his Notice on November 18, 2014. The only contact he has had since then, with anyone involved in this case, is apparently the email exchange he had on May 8, 2015, with the office of counsel for

3

the City of Hammond. Finally, the court also notes that its Order of May 26, 2015, directing Hu to respond to the motion to dismiss, which was mailed to Hu's last known address, was *not* returned to the court as undeliverable.

This court's Local Rule 41-1 states as follows:

**Failure to Prosecute**

The court may dismiss a civil case with judgment for costs if:

(a) no activity has occurred in the case for six months;
(b) the court or clerk has notified the parties that the case will be dismissed for failure to prosecute it; and,
(c) at least 28 days have passed since the notice was given.

N.D. Ind. L. R. 41-1. This Local Rule adds some specific parameters to its federal counterpart, which sets forth the general principle for involuntary dismissal:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). A district court may dismiss claims pursuant to Rule 41 and has the discretion to enter dismissal with prejudice. *Lucien v. Breweur,* 9 F.3d 26, 28 (7th Cir. 1993); *accord*, *James v. McDonald's Corporation,* 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a "district court has the authority ... to [dismiss a case] for lack of prosecution."). The Seventh Circuit has listed several factors district courts should consider before dismissing a case under Rule 41(b):

> 1) whether the wrongdoer (or her counsel) received "due warning" that such a sanction was a possibility; 2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other

litigants on the court's docket; and 5) the likely merits of the wrongdoer's case. *Ali v. Calumet Medical Center,* Inc., 2015 WL 1543589 (E.D. Wisc. April 7, 2015) (citing *Graham v. Schomaker,* 2000 WL 717093 at *4 (7th Cir. May 31, 2000)) (unpublished) (citing in turn, *Ball v. City of Chicago,* 2 F.3d 752, 755–58 (7th Cir. 1993)). A plaintiff's failure to keep the court informed of his whereabouts and contact information is one factor that can warrant dismissal. *Ibarra v. Henderson*, 2015 WL 5162276 *2 (S.D. Ill. Sept. 1, 2015).

In the present case, the relevant factors warrant dismissal. Hu was expressly warned that his failure to pursue this case would result in dismissal. He has repeatedly failed to comply with court orders, failed to provide the court (and the opposing parties) with updated contact information, and failed to appear at a Rule 16 scheduling conference set on April 30, 2015. (*See* DE 97.) There are no lesser sanctions that would be effective in this instance. Monetary sanctions would be ineffective, as it appears unlikely (based on Hu's unfortunate living circumstances) that he would be able to pay any such fine. Also, Hu's failure to pursue this case has left the Defendants in limbo. They filed some discovery requests, but Hu did not respond to them. (*See* DE 90, 91 and 92.) Despite the hardships Hu says he has experienced, such as living in a homeless shelter, he has failed to make even the simplest effort to contact the court, such as calling the Clerk's office to provide a current address or phone number. This has gone on for many months. Finally, as the Defendants point out, the merits of Hu's case are questionable. For example, this case was filed as a wrongful death action. Hu alleges that the defendants are liable for damages incurred after Hu's mother was struck and killed by an Amtrak train while riding her bike across railroad tracks in Hammond, Indiana, in October 2011. Amended Complaint, DE 7, p. 11. But as the Defendants note, "there is nothing in the record to support the notion that the

5

Plaintiff is the properly appointed probate estate executor or statutory personal representative in this wrongful death action." Defendants' Joint Motion to Dismiss, p. 4. The opening of an estate is a statutory prerequisite to bringing a wrongful death suit in Indiana. *See* I.C. 34-23-1-1. In other words, Hu has not established that he has standing to bring this action.

The elements listed in this court's Local Rule 41-1 also apply in this case. Hu has not contacted this case since November 18, 2014, almost an entire year. Hu was warned by this court that his failure to pursue this case would result in dismissal for lack of prosecution and more than 28 days have passed since that warning was issued.

While dismissal of a complaint is an extreme sanction, it is warranted when a plaintiff fails or refuses to pursue his claims. In this case, as summarized above, Hu has failed, in multiple ways, to pursue this lawsuit. He has placed the court and the Defendants in an untenable situation. It is well established that in such a situation, courts can dismiss the suit not only as a sanction against the dilatory plaintiff, but also "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

## CONCLUSION

For the reasons discussed above, the Joint Motion to Dismiss filed by Defendants City of Hammond, Amtrak, and Lake County, Indiana, is GRANTED. This case is hereby DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter judgment against the Plaintiff and in favor of the Defendants.

Date: September 30, 2015.

    /s/ William C. Lee
    William C. Lee, Judge
    U.S. District Court